**In re Allen Valery SHAMSIEV, Debtor.**

**Udi SANDALON, Individually and d/b/a E. Sandalon Wholesalers, Plaintiff,**

v.

**Allen Valery SHAMSIEV, Defendant.**

**Bankruptcy No. 91–82488.
Adv. No. 92–6653.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

May 16, 1994.

---

S. Perry Thomas, Jr., Sutherland, Asbill & Brennan, Thomas Paty Stamps, Atlanta, GA, for plaintiff.

Jay E. Loeb, Gershon, Olim, Katz & Loeb, Atlanta, GA, for defendant.

### *ORDER*

MARGARET H. MURPHY, Bankruptcy Judge.

Before the court is Defendant's second motion for protective order. Currently pending in state court is a criminal proceeding which arises from essentially the same facts as Plaintiff's complaint to determine dischargeability. As a result of Defendant's prior assertion of his Fifth Amendment privilege against self incrimination, by order entered November 3, 1993, resolution of this adversary proceeding was previously stayed until disposition of the state court criminal case. Except that the criminal case has not been placed on a trial calendar, the parties have not reported the current status of the criminal proceedings in state court.

In connection with Defendant's previously filed motion for summary judgment in this adversary proceeding, Defendant presented his own affidavit. Defendant's motion for summary judgment was denied by order entered May 17, 1993. Plaintiff asserts the affidavit constitutes a waiver of Defendant's privilege against self incrimination, citing *Edmond v. State of Maryland,* 934 F.2d 1304 (4th Cir.1991). *See also, Scarfia v. Holiday Bank,* 129 B.R. 671 (M.D.Fla.1990). In both these cases, Debtor's prior voluntary statements under oath were held to constitute a waiver of the self incrimination privilege. In response, Debtor essentially asserts this court should not reconsider the prior order in this adversary proceeding which approved Defendant's assertion of the privilege. Defendant cites no case law holding that the submission of an affidavit does not constitute a waiver of the privilege, at least with respect to the matters set forth in the affidavit.

The *Scarfia* court quoted the Texas court in *In re Mudd,* 95 B.R. 426, 430 (Bankr. N.D.Tex.1989):

> To allow the Debtor to plead a blanket Fifth Amendment privilege [after volunteering information] and refuse to answer any further questions on the subjects covered in his earlier testimony would allow the Debtor to prematurely close the door which he freely opened. The law, however, does not permit a witness to open the door just wide enough to offer the Court an impaired view of the facts. Once the witness voluntarily opens the door, the court may open it completely, and scrutinize every exposed matter.

In the instant adversary proceeding, Defendant voluntarily submitted his affidavit in support of his motion for summary judgment. He is not, therefore, entitled to a protective order as to any factual issue raised in that affidavit. To facilitate the taking of Defendant's deposition, Plaintiff may wish to notify this court of the date and time of such deposition so that the court may be available to rule telephonically on any invocation of the privilege by Defendant. Alternatively, the parties may wish to arrange for the deposition to take place in a conference room on the 12th floor of the U.S. Courthouse. Accordingly, it is hereby

ORDERED that Defendant's motion for protective order is denied as to any factual issue raised in Defendant's affidavit. Defen-

dant is directed to cooperate with Plaintiff in the scheduling of a deposition. It is further

ORDERED that Plaintiff shall inquire of the prosecutor to ascertain the current status of the pending state court criminal case and the anticipated date of trial. Within 20 days of the date of entry of this order, Plaintiff shall file a status report which sets forth the results of such inquiry. It is further

ORDERED that discovery is extended to June 30, 1994.

IT IS SO ORDERED.